**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Markese Christopher Wilson, Appellant.

Appellate Case No. 2020-001425

---

Appeal From Lexington County
Eugene C. Griffith, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2023-UP-169
Submitted April 1, 2023 – Filed May 3, 2023

---

**AFFIRMED**

---

Appellate Defender Sarah Elizabeth Shipe, of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson, Senior
Assistant Deputy Attorney General William M. Blitch,
Jr., both of Columbia; and Solicitor Samuel R. Hubbard,
III, of Lexington, all for Respondent.

---

**PER CURIAM:** Markese Christopher Wilson appeals his convictions for first-degree burglary, armed robbery, kidnapping, safecracking, and possession of a weapon during the commission of a violent crime and his aggregate sentence of

thirty-five years' imprisonment. On appeal, Wilson argues the trial court should have declared a mistrial because the State elicited improper character evidence and failed to present competent evidence of his guilt. We affirm pursuant to Rule 220(b), SCACR.

Although defense counsel immediately moved for a mistrial when a witness disclosed that Wilson was previously incarcerated, counsel accepted the trial court's proposed curative instruction and failed to renew his motion for a mistrial or otherwise object to the instruction when the court issued it to the jury. Therefore, we hold this issue was not preserved for appellate review. *See State v. George*, 323 S.C. 496, 510, 476 S.E.2d 903, 912 (1996) ("No issue is preserved for appellate review if the objecting party accepts the [trial court's] ruling and does not contemporaneously make an additional objection to the sufficiency of the curative charge or move for a mistrial."); *State v. Patterson*, 337 S.C. 215, 226, 522 S.E.2d 845, 850 (Ct. App. 1999) ("Because a trial court's curative instruction is considered to cure any error regarding improper testimony, a party must contemporaneously object to a curative instruction as insufficient *or* move for a mistrial to preserve an issue for review.").

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.